IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TERENCE B. JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN/JANE DOE, CHIEF OF POLICE, R.D. HARPER, POLICE CAPTAIN, AND J. HOOD, POLICE OFFICER,<br><br>Defendants. | CV-23-81-BLG-SPW-KLD<br><br>ORDER |

Plaintiff Terence B. Jackson filed his Complaint on July 17, 2023, but the Court has subsequently not been able to locate him. Mail to his listed address has returned undeliverable. (Doc. 5.) He moved for leave to proceed in forma pauperis but has never provided the required account statement. The Court concludes the action must be dismissed.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005). Jackson's Complaint will be dismissed.

1

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Jackson has failed to update his address or otherwise move this litigation forward. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Jackson cannot be located. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

1452-53 (9th Cir. 1994). Defendants have not yet appeared, so this factor does not favor dismissal.

The Court has considered less drastic alternatives. Jackson has failed to update his address, and therefore, this litigation cannot even take its first step. At this juncture, the Court can envision no further alternatives to dismissal.

Accordingly, it is hereby **ORDERED**:

1. Jackson's Complaint (Doc. 2) is DISMISSED for failure to prosecute. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Jackson's filing of this action counts as one strike against him.

2. All pending motions are DENIED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 29th day of August, 2023.

Susan P. Watters
United States District Court Judge